IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RANDY KAY McARTHUR,<br><br>    Petitioner,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>DENYING § 2255 MOTION<br><br><br><br>Criminal Case No. 2:04-CR-334 TC<br><br>Civil Case No. 2:08-CV-824-TC |

   This matter comes before the court on federal prisoner Randy Kay McArthur's pro se Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.  A grand jury indicted Mr. McArthur and his Co-Defendant Dean Johnson on three counts of bank fraud and aiding and abetting.  Mr. McArthur plead guilty to one count of the indictment.  Following a lengthy sentencing hearing, the court sentenced Mr. McArthur to 87 months in custody to be followed with 48 months of supervision.  The court did not impose a fine but ordered him to pay $3,000,000 in restitution to the Federal Deposit Insurance Corporation.  Mr. McArthur now asserts numerous grounds for his requested relief and claims that he received ineffective assistance of counsel at the sentencing hearing.  He contends that he is innocent of the crime to which he plead guilty.

   For the reasons set forth below, the court finds that Mr. McArthur's Motion to Vacate, along with the files and records of the case, conclusively show that he is not entitled to relief on

any of his claims.[1]

ANALYSIS [2]

## MR. McARTHUR'S CLAIMS

**Claim of Innocence**

Mr. McArthur first contends that he is "actually innocent of the sentence he received." (Mem. Supp. Pet. § 2255 at 10, Dkt. # 2, Case # 08-CV-00824.) In support of this contention, he lists a number of "relevant facts" which he claims the government hid from the defense and the court. (Id. at 8-9.) These facts center on other misconduct that allegedly were the cause of the collapse of the Bank of Ephraim, misconduct committed primarily by Lauri Ludvigson, an assistant cashier of the bank. According to Mr. McArthur, these facts establish that he did not cause the failure of the Bank of Ephraim and he is innocent.[3] Moreover, Mr. McArthur argues, because the trial court was unaware of this evidence, the sentence imposed was too severe.

The government points out, and the court agrees, that contrary to Mr. McArthur's present assertions, the record shows that he and his attorney were well aware of the evidence that Mr.

---

[1] The court recognizes that pro se litigants' pleadings should be construed more liberally than if counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. State of N.M., 113 F.3d 1170, 1173–74 (10th Cir. 1997). But even under this more lenient standard, Mr. McArthur's claims for relief fail. Similarly, because the court can decide this motion on the record before it, the court denies Mr. McArthur's motion for an evidentiary hearing.

[2] Mr. McArthur appealed his sentence. The court affirmed Mr. McArthur's sentence and, in its decision, gave a thorough description of the factual background of Mr. McArthur's case. See United States v. McArthur, 224 Fed.Appx. 832 (10th Cir. 2007). For that reason, the court will recount only those facts necessary to explain this order.

[3] Throughout his memorandum in support of his petition, Mr. McArthur argues that the government was required to prove all sentencing factors, particularly the amount of loss suffered by the Bank of Ephraim, beyond a reasonable doubt. Mr. McArthur unsuccessfully raised that argument on appeal. McArthur, 224 Fed.Appx. at 834,

McArthur now argues was hidden and that this evidence was presented to the court.  First, Mr. McArthur raised that argument in his sentencing memorandum: "Defendant contends that the difference between the amount of money he embezzled and the amount the Correspondent Account was out of balance was attributable to the mistakes and misconduct of others, of which he had no knowledge." (Def.'s Sent. Mem. at 3, Dkt. # 71, Case # 04Cr00334.)

Second, Mr. Steven Killpack, the Federal Defender for the District of Utah, represented Mr. McArthur throughout the case. In his affidavit submitted by the government in response to Mr. McArthur's petition, Mr. Killpack states: "The defendant knew about these activities [the fraudulent activities of the assistant cashier which Mr. McArthur now claims were hidden by the government] through his own conduct and through discovery and they were raised in motions and sentencing.  He pled guilty knowing of the conduct of the assistant cashier." (Killpack Aff. at 6, attached to U.S. Resp. to Pet. to Vacate., Dkt.# 9 , Case # 08-CV-00824).  In its response to Mr. McArthur's petition, the government describes "a memorandum of interview" of the assistant cashier which the government gave to Mr. Killpack at the time of sentencing.  (U.S. Resp at 30-31.) In the memorandum the assistant cashier apparently stated that Mr. McArthur had discovered her embezzlements four years earlier.  (Id.)

Third, evidence about the other fraudulent activity was discussed at the sentencing hearing.  Mr. Killpack told the court that "I assume that the court has been made aware that there's someone else who's been charged for stealing money and that contributes to the same account.  And that's in the neighborhood of $200,000."[4](Transcript of March 25, 2005 Sent.

---

[4]The docket and the transcript mistakenly report that the Honorable Dale Kimball was the judge who imposed sentence when it was actually this court.

Hearing("Tr.") at 159-160, Dkt. # 100, Case # 04-cr-00334).  The court was well aware of Mr. McArthur's argument that he was responsible for only a portion of the bank's loss and was not the reason it failed.  The court carefully explained its reasons for concluding that Mr. McArthur caused the bank to lose somewhere between three and four million dollars. (Id. at 160-162.)

Fourth, and most significant, is the fact that Mr. McArthur raised this issue, albeit with a different twist, on appeal and the court rejected the argument.  One of the issues raised by Mr. McArthur on appeal was that the government had failed to prove that the amount of loss caused by Mr. McArthur was at least $2,500,000.  The trial court had found that the credible evidence at the sentencing hearing showed that Mr. McArthur was responsible for between $3,000,000 and $4,000,000 million of the bank's loss and "certainly more than $2,500,000." United States v. McArthur, 224 Fed.Appx. 832, 835 (2007).  The Tenth Circuit upheld the trial court's finding.

> This reasoning, together with the evidence recounted above, convinces us that the district court's estimate–particularly the lower end of the guideline range was not unreasonable under the Guidelines.  To be sure, Mr. McArthur introduced evidence that shows some of the $5 million total missing from the Bank's account was due to bad checks, bank fees, other mathematical computations, and theft by another employee  [citation to the record on appeal], but these facts of themselves do not render the district court's estimate unreasonable."

Id. at 836. (emphasis added.)

Because Mr. McArthur raised the issue of theft by another employee, the same evidence he now points to as being newly discovered, he is precluded from raising it in this petition.  See United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989)(noting that "[a]bsent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.")(citations omitted.)

Mr. McArthur further contends that he would not have plead guilty had he known of the allegedly hidden evidence. He also raises, as he did on appeal, the failure of the government to ask the court to grant him acceptance of responsibility. Mr. McArthur's argument is unpersuasive for several reasons. First, as discussed, the record shows clearly that Mr. McArthur and his attorney knew of the evidence about the assistant cashier's theft. Second, in the Statement by Defendant in Advance of Plea of Guilty, the government took care to alert Mr. McArthur of its intention to show that Mr. McArthur had "embezzled approximately $5,000,000 during the course of the entire scheme." (Statement D. Plea Guilty at 5, Dkt. # 35, Case # 04-cr00334.)

For the reasons set forth above, the court finds Mr. McArthur's arguments without merit.

**Ineffective Assistance of Counsel at Sentencing**

Mr. McArthur claims that he received ineffective assistance of counsel during the sentencing phase. He puts forth a long list of areas where, according to Mr. McArthur, his attorney was ineffective. Having carefully reviewed the record, the court concludes that Mr. McArthur's attorney was not ineffective.

To succeed on his claim, Mr. McArthur must demonstrate two things under the governing law set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Mr. McArthur must show that his former attorney's performance was deficient. Id. at 687. An attorney's performance is "deficient" if "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.

Second, he must show that he suffered prejudice as a result. Id. To establish prejudice, Mr. McArthur must show that but for his attorney's alleged errors, the outcome of the sentencing

proceeding would have been different. That is, he has the burden to show "that [counsel errors] actually had an adverse effect on [the sentencing]. [But it] is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Instead, Mr. McArthur "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694 (emphasis added).

An attorney's performance is "deficient" if "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court's scrutiny of counsel's performance must be highly deferential, and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689.

The court will not repeat Mr. McArthur's complaints about his attorney's performance during the sentencing hearing. The transcript of the sentencing hearing leaves no doubt that Mr. McArthur's attorney actively and effectively represented him. And Mr. McArthur received a sentence of 87 months, which was the low end of the Guideline Range.

And even assuming counsel's performance was deficient, Mr. McArthur has not demonstrated prejudice. As the Tenth Circuit pointed out, "[t]he record is replete with evidence that, together with the inferences, prove by a preponderance of the evidence [citation omitted] that the loss amount was at least $2.5 million. McArthur, 224 Fed.Appx. at 835.

In sum, nothing Mr. McArthur points to has shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 694.

    For the above reasons, Mr. McArthur's petition is DENIED.

    SO ORDERED this 17th day of February, 2009.

                              BY THE COURT:

                              TENA CAMPBELL
                              Chief Judge